**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James A. Monroe and Kimberly M. Pirtle, | ) ) | |
| Plaintiffs, | ) ) | No. 2:08-CV-0018-PHX-RCB |
| vs. | ) ) | O R D E R |
| James L. Gagan, Jane Doe Gagan, Ross Miljenovich, John Does I through X, and Jane Does I through X, | ) ) ) ) ) | |
| Defendants | ) ) | |
| Ross Miljenovich, | ) ) | |
| Defendant- Cross-Claimant | ) ) ) ) | |
| vs. | ) ) | |
| James L. Gagan and Jane Doe Gagan, John and Jane Does 1 through 10 and 11 through 20, XYZ Corporations 1 through 10, ABC Partnerships 1 through 10, and Black and White Unincorporated Associations 1 through 10, | ) ) ) ) ) ) ) ) ) | |
| Cross-Defendants | ) | |

Currently pending before the court is a Motion for Leave to

Amend by plaintiffs James A. Monroe and Kimberly Monroe Clark (doc. 19).

### *Background*

The court assumes familiarity with the protracted and rather tortured procedural history of this action. A few aspects of that history are directly germane to the present motion however.

Plaintiffs sought to amend their complaint in Arizona Superior Court, Maricopa County, because it had "come to th[eir] attention . . . that Defendant Miljenovic [sic] was directly involved in the [alleged] wrongful eviction of Plaintiffs." Id., exh. 2 thereto at 2. That amendment was proper, according to plaintiffs, because "[w]rongful eviction is . . . actionable" in Arizona. Id., exh. 2 thereto at 2. Before that motion was resolved, however, defendants removed that state court action to this federal district court.

Plaintiffs now perfunctorily assert that they should be allowed to amend their complaint as to Ross Miljenovich because "[n]one of the reasons articulated by the U.S. Supreme court in *Foman v. Davis* [371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 22 (1962)] are present here." Id. at 4. The defendants did not file responses to this motion, although the time to do so has long since passed. In fact, although obviously the court has not yet granted this motion to amend, Mr. Miljenovich filed a "Second Amended Answer to the Second Amended Complaint filed by" plaintiffs. Miljenovich Ans. (doc. 24) at 2. Mr. Miljenovich filed that answer within three weeks of plaintiffs filing their motion to amend and *lodging* their proposed second amended complaint.

### *Discussion*

Pursuant to LRCiv 7.2(I) defendants' failure to file an

-2-

answering memorandum may be deemed consent to granting this motion. In its discretion, however, the court will briefly analyze the merits of this motion. See LRCiv 7.2(I) (emphasis added) ("[N]on-compliance *may* be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.")

Rule 15(a) provides that a party has the right to amend its "pleading *once* as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a) (emphasis added). Shortly after removal, plaintiffs filed an amended complaint (docs. 4 and 5). Therefore, in accordance with Fed. R. Civ. P. 15(a)(2), plaintiffs may amend their complaint again "only with the opposing party's written consent or the court's leave." Defendants have not given their written consent, so the court must decide whether to allow plaintiffs to amend.

Rule 15(a)(2) also provides that courts "should freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Ninth Circuit, "[t]his policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (internal quotation marks and citations omitted). In deciding whether to grant leave to amend, the Supreme Court has instructed:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'

Id. at 182, 83 S.Ct. 227. "Not all of these factors merit equal weight[]" however. Eminence Capital, 316 F.3d at 1052.

-3-

1  "[C]onsideration of prejudice to the opposing party . . . carries
2  the greatest weight."  Id. (citation omitted).  Moreover, "[a]bsent
3  prejudice, or a strong showing of any of the remaining Foman
4  factors, there exists a *presumption* under Rule 15(a) in favor of
5  granting leave to amend."  Id. (emphasis in original) (citation
6  omitted).

7      Considering all of the Foman factors, the court finds that
8  plaintiffs' motion for leave to amend should be granted.  As
9  previously mentioned, no opposition was filed.  Presumably by their
10 silence, defendants are conceding that there is no prejudice in
11 allowing amendment here; and the court can conceive of none.  There
12 is also no evidence of bad faith or undue delay.  It appears that
13 this motion to amend is nearly identical to the one which
14 plaintiffs filed in state court prior to removal.  Additionally,
15 plaintiffs are seeking this amendment because they have
16 "discovered" evidence which they believe supports a cause of action
17 for wrongful eviction against Mr. Miljenovich.  Mot. (doc. 19) at
18 3.  Thus, adopting the Ninth Circuit's "presumption" of granting
19 leave in such circumstances, the court hereby GRANTS plaintiffs'
20 motion to amend.  See Eminence Capital, 316 F.3d at 1052.

21     Accordingly, IT IS ORDERED that the "Motion for Leave to Amend
22 Complaint" filed by plaintiffs James A. Monroe and Kimberly Monroe
23 Clark (doc. 19) is GRANTED.  The Clerk of the Court is directed to
24 file plaintiffs Second Amended Complaint (doc. 22) previously
25 . . .

1  lodged with the court.
2       DATED this 2nd day of March, 2009.

```
                          _____
                          Robert C. Broomfield
                          Senior United States District Judge
```

12 Copies to counsel of record